IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NANCY DOTY,

        Plaintiff,

        v.

JO ANNE B. BARNHART, Commissioner, Social Security Administration,

        Defendant.

CV No. 05-6337-AS

FINDINGS AND RECOMMENDATION

Kathryn Tassinari
Brent Wells
Cram, Harder, Wells & Baron
474 Willamette, Ste. 200
Eugene, OR 97401
Attorneys for plaintiff

Karin J. Immergut
United States Attorney
District of Oregon
Neil J. Evans
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

1 - FINDINGS AND RECOMMENDATION

David R. Johnson
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, Washington 98104-7075
Attorneys for defendant

ASHMANSKAS, Magistrate Judge:

Nancy Doty ("Plaintiff") brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner. The Commissioner denied her application for disability insurance benefits under Title II of the Act and for supplemental security benefits under Title XVI of the Act. For the reasons set forth below, the Commissioner's decision should be reversed and remanded for further proceedings.

BACKGROUND

On November 19, 1999, Plaintiff protectively filed her applications for disability insurance benefits. Tr. 92-94. Her applications were denied and no appeal was made. Tr. 434.

On March 14, 2002, Plaintiff applied for both disability benefits and supplemental security income benefits, alleging a disability as of March 30, 1998. Tr. 102-04; 418-19. On January 31, 2005, Administrative Law Judge ("ALJ") Ruperta Alexis held a hearing after which she issued a ruling finding Plaintiff not disabled. *See* Tr. 432-75; 23-33. Plaintiff requested review of the decision and on September 13, 2005, the Appeals Council denied review. Tr. 15-17. On October 28, 2005, the Appeals Council set aside its previous decision, considered additional evidence, then again denied Plaintiff's request for review. Tr. 8-10.

At the time of the ALJ's decision, Plaintiff was a 56-year-old unmarried woman. Tr. 24. She alleges disability since March 30, 1998, due to pain in her neck, back and shoulder and pain and

2 - FINDINGS AND RECOMMENDATION

numbness in her leg. Tr. 114, 124. Plaintiff has a high school diploma and vocational training in real estate, Tr. 117, and typing and business machines. Tr. 436. She has a prior work history as a mortgage loan officer and caregiver. Tr. 112.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

Questions of credibility and resolutions of conflicts in the testimony are functions solely of the Commissioner, *Waters v. Gardener*, 452 F.2d 855, 858 n.7 (9th Cir. 1971), but any negative credibility findings must be supported by findings on the record and supported by substantial evidence. *Cequerra v. Secretary of Health and Human Services*, 933 F.2d 735, 738 (9th Cir. 1991). The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405(g). However, even "where findings are supported by substantial evidence, a decision should be set aside if the proper legal standards were not applied in weighing the evidence in making the decision." *Flake v. Gardener*, 399 F.2d 532, 540 (9th Cir. 1968); *see also Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

3 - FINDINGS AND RECOMMENDATION

Under sentence four of 42 U.S.C. § 405(g), the court has the power to enter a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing.

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). A five-step sequential process exists for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920.

In step one, the Commissioner determines whether a claimant is engaged in "substantial gainful activity" (SGA). *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b); 416.920(b). The ALJ found that Plaintiff had not engaged in SGA during the relevant period. Tr. 32

In step two, the Commissioner determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c); 416.920(c). If the Commissioner finds in the negative, the claimant is deemed not disabled. If the Commissioner finds a severe impairment or combination thereof, the inquiry moves to step three. *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c); 416.920(c). The ALJ found that Plaintiff has medically determinable severe impairments including her back disorder and adjustment disorder. Tr. 32.

In step three, the analysis focuses on whether the impairment or combination of impairments meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are

so severe as to preclude gainful activity." *Yuckert*, 482 U.S. at 140-41; *see* 20 C.F.R. §§ 404.1520(d); 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds to step four. *Yuckert*, 482 U.S. at 141. The ALJ found that Plaintiff's medically determinable severe impairments do not meet or medically equal one of the listed impairments. Tr. 32.

In step four, the Commissioner determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant is so able, then the Commissioner finds the claimant "not disabled." In doing so, the Commissioner must first identify the claimant's residual functional capacity (RFC), which reflects the claimant's ability to perform sustained work activities in an ordinary work setting for eight hours a day, five days a week. Social Security Regulation (SSR) 96-8p. The ALJ concluded that Plaintiff retains the RFC to

> occasionally lift and/or carry 20 to 50 pounds, frequently lift and/or carry 10 to 25 pounds, and stand and/or walk about 6 hours in an 8 hour work day. She has no restrictions on her ability to sit in an 8-hour work day. She has a slightly decreased ability to reach objects above shoulder level with her left arm but retains a normal ability to hold, grip, and manipulate large and small objects bilaterally.

Tr. 32. The ALJ found that Plaintiff retained the RFC to work in her past relevant work as a mortgage loan computation clerk; and therefore, is not under a disability within the meaning of the Act. *Id*. at 32-33.

Because the ALJ found Plaintiff not disabled at step four, she did not reach step five.

## DISCUSSION

On appeal, Plaintiff makes three arguments: first, the ALJ improperly rejected Plaintiff's testimony; Plaintiff's Brief at 14-16; second, the ALJ failed to give proper consideration to the

FINDINGS AND RECOMMENDATION—5

opinion of the treating doctor; *Id*. at 17-18 , and, third, the ALJ erred in finding that Plaintiff was capable of past work as a mortgage officer. *Id*. at 18-20. For the reasons stated below I disagree with Plaintiff's first and third arguments, but agree that the ALJ failed to give proper consideration to Dr. Lange's opinion. Therefore, this matter should be remanded for further proceedings.

**Credibility of the Claimant**

To evaluate a claimant's testimony regarding exceptional limitations, the ALJ must consider first if there is objective medical evidence of impairment that could reasonably be expected to produce some degree of symptom. *Smolen v. Cater*, 80 F.3d 1273,1282 (9th. Cir. 1996) citing *Cotton v. Bowen*, 799 F.2d 1403 (9th Cir.1986). This test requires only that the causal relationship between the impairment and the symptom be a reasonable inference, not a medically proven phenomenon. *See Howard v. Heckler*, 782 F.2d 1484, 1488 (9th Cir.1986) (noting that "we have never required that the medical evidence identify an impairment that would make the pain inevitable"). "So long as the adjudicator makes specific findings that are supported by the record, the adjudicator may discredit the claimant's allegations based on inconsistencies in the testimony or on relevant character evidence. But the adjudicator may not discredit a claimant's testimony of pain and deny disability benefits solely because the degree of pain alleged by the claimant is not supported by objective medical evidence." *Banal v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991). If the ALJ makes such a finding, and there is no evidence of malingering, the ALJ can reject the claimant's testimony only if the ALJ gives clear and convincing reasons to do so. *Smolen*, 80 F.3d at 1284-85.

As an initial matter I find that the ALJ rejected statements that, if true, would effect the outcome of the hearing. Specifically, the ALJ rejected Plaintiff's testimony about her back pain

FINDINGS AND RECOMMENDATION—6

which, if true, could make her unable to perform her past relevant work. I further find that there is no evidence or allegation of malingering. This Court now turns to the question of whether the ALJ properly evaluated Plaintiff's testimony.

The ALJ found that Plaintiff's allegations regarding her limitations were not "totally credible." Tr. 32  In support of this conclusion, the ALJ found that the medical evidence in the record does not support her claims, and her "activities of daily living and social functioning are not limited to the extent one would expect given her complaints." Tr. 28-29.

Some, but not all, of the evidence in the record supports the ALJ's conclusions. First, the ALJ noted that Plaintiff's examining physicians found only "mild objective findings and observed no major difficulties with functioning during the examination." Tr. 29.  In her attempt to find effective treatment for her chronic pain, Plaintiff has been examined by many physicians. Although no doctor has doubted that Plaintiff in fact suffers from chronic pain, no doctor has found any severe impairment. Almost every doctor has found that Plaintiff suffers from chronic pain, mild disc bulges and degenerative disc disease. *See, e.g.* Tr. 251-52, 306, 389-90. Her most recent MRI completed on January 24, 2005, indicates that she suffers from "multilevel degenerative cervical spinal spondylosis." Tr. 395.  The physician reading the MRI found that, "the MRI findings are more likely to be chronic than acute." *Id*.  However, there is no evidence in the record of any physician observing Plaintiff having physical difficulties during an examination. Therefore, I agree with the ALJ that the medical evidence in the record does not support Plaintiff's claims regarding her physical limitations.

Next, the ALJ notes that Plaintiff's pain is "not particularly serious" because she took over-the-counter medication, and when she takes prescription medication that medication is effective.

FINDINGS AND RECOMMENDATION—7

Tr. 29. That conclusion is not supported by the record. When Plaintiff applied for SSD, she reported that she took Tylenol PM and Advil for her pain, but said that those drugs did not give her pain relief. Tr. 124. As recently as September 2004, Plaintiff saw her physician for pain management to change her medications from one prescription to another. Tr. 377. Furthermore, the record indicates that Plaintiff has been using prescription Darvocet on and off since 1999. Tr. 264, 366. Nothing in the record indicates that Plaintiff can adequately manage her pain with the use of over-the-counter medication. Furthermore, there is no evidence that a single prescription medication or combination of medications provides her with consistent pain relief. I find that this conclusion by the ALJ is not supported by evidence in the record.

Next, the ALJ concluded that Plaintiff is capable of activities of daily living and social functioning at a level inconsistent with her reported symptoms. Tr. 29. The ALJ asserted that at the hearing Plaintiff "stated that her daughter and her family had to do almost all of her activities of daily living because she could not do them for herself." Tr. 29. The ALJ further noted that the record reflects that Plaintiff helps her four grandchildren get ready for school, makes her own bed, does laundry, shops, cooks, watches television, writes letters, ready, handles her own money, goes for walks, cares for two cats and a dog, helps her granddaughter with school work, plays with her three-year-old granddaughter and went on a six-week vacation in 2003. *Id*.

At the hearing, Plaintiff testified that she can stand at the sink for about five minutes, she can microwave her food, and drive once a week to see friends or to go to the doctor. Tr. 447. She further testified that she was living with her cousin, not her daughter, and that when she was living with her daughter she would help with her grandchildren if one was home sick from school. Tr. 446, 453-54.

FINDINGS AND RECOMMENDATION—8

In a record cited by the ALJ, Plaintiff's daughter wrote that Plaintiff can drive for short periods to go grocery shopping, prepare meals, do laundry once a week and dust occasionally. Tr 146. However, according to her daughter, Plaintiff is unable to complete her chores all of the time and is always unable to vacuum, mop floors, wash windows or lift or carry anything. *Id*. Dr. Salazar, one of Plaintiff's treating physician noted in a record that Plaintiff was "having a hard time with her activities of daily living." Tr. 252.

In May 2002 Plaintiff told Dr. Sjodin, an evaluating physician, that she helped her grandchildren get ready for school, does laundry and makes her bed, prepares meals, spends time with her granddaughter and, if the weather is good, goes out for a walk. Tr. 299. Notwithstanding some inconsistencies between the ALJ's findings and the record, I find that the ALJ's analysis of Plaintiff's activities of daily living are supported by the substantial evidence in the record.

Finally, the ALJ found Plaintiff's allegations of pain not credible because Plaintiff left her job as a caregiver because she was laid off, not because she could no longer work because of her injury. Tr. 30. This basis is sufficient to support the ALJ's finding that Plaintiff's allegations of pain are not credible. *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001).

I conclude that the ALJ has provided clear and convincing reasons to reject Plaintiff's testimony regarding her pain.

**Opinion of the Treating Physician**

Plaintiff further alleges that the ALJ improperly rejected the opinion of Dr. Lange, one of Plaintiff's treating physicians. Plaintiff's Brief at 16-19. For the reasons stated below I agree and recommend that this matter should be remand for further proceedings for the ALJ to properly analyze the opinions of the physicians in this case.

FINDINGS AND RECOMMENDATION—9

Generally, a treating physician's opinion is afforded the greatest weight in disability cases because the treating physician is employed to cure and has the best opportunity to know and observe the patient as an individual. *Ramirez v. Shalala*, 8 F.3d 1449, 1453 (9th Cir. 1993). A treating physician's opinion is controlling when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent" with other evidence of record. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). An ALJ can reject a treating physician's opinion in favor of the conflicting opinion of another treating or examining physician, if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002) quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). If the treating physician's opinion is not contradicted by another physician, then the ALJ may reject it only for clear and convincing reasons. *Id.*

Dr. Lange's opinion is not controlling, because other physicians opine that Plaintiff is limited to light work. *See* 20 C.F.R. § 404.1527(d)(2). Therefore, I must consider whether the ALJ made "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas* at 956-57.

20 C.F.R. section 1527(d) lists factors the Social Security Administration will consider when weighing medical opinions. Specifically, the ALJ should consider whether a physician treated or examined the claimant, how long the physician treated the claimant, and the nature and extent of the treatment; whether the physician presents evidence to support an opinion; whether the opinion is consistent with the record as a whole; whether the physician is a specialist; and any other factor brought to the attention of the Commissioner. 20 C.F.R.§ 404.1527(d). The ALJ failed to consider any of these factors.

The ALJ begins her discussion of the medical opinions in this case with the assertion, "[t]he record does not contain an opinion from a treating of examining physician indicating that the claimant is disabled or has limitations greater than those determined in this decision." Tr. 30. This assertion is inaccurate. Treating physician Dr. Lange opined that Plaintiff is limited to sedentary work. Tr. 412-13.

The ALJ rejected Dr. Lange's opinion and accepted the opinions of Dr. Benz, a treating physician, Dr. Morrel, an examining physician, and the DSS non-examining physicians that Plaintiff was limited to light work. Tr. 30. The ALJ failed to give any reasons for choosing the opinions of Drs. Benz, Morrel and the DSS physicians. The ALJ merely concluded that the opinions of the DSS physicians

> deserve some weight, particularly in a case like this in which there exist a number of other reasons to reach similar conclusions (as explained throughout this decision). After giving careful consideration to all the evidence, I find that the claimant is capable of light work. As for the residual functional capacity, I will adopt the assessment by Dr. Morrel as it best describes the claimant abilities and limitations.

Tr. 30.

Nowhere in the opinion does the ALJ provide any specific legitimate reason for rejecting Dr. Lange's opinion. Therefore, I conclude that the ALJ improperly rejected the opinion of Dr. Lange.

Because I find that the ALJ failed to provide legally adequate reasons for rejecting Dr. Lange's testimony, I turn to the question of whether to recommend a remand for benefits or for further proceedings. "The decision whether to remand a case for additional evidence or simply to award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985)). Remand is appropriate

FINDINGS AND RECOMMENDATION—11

where further proceedings would resolve defects in the administrative proceedings. However, where new proceedings would simply serve to delay the receipt of benefits and would not add to the existing findings, an award of benefits is appropriate. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An award of benefits is warranted when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000)(quoting *Stolen v. Cater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).

As discussed above, the ALJ failed to provide legally sufficient reasons for rejecting the opinion of Dr. Lange. However, there are legal issues that must be resolved before a determination of disability can be made. Specifically, the ALJ must analyze Dr. Lange's opinion within the proper legal parameters and provide legally sufficient reasons for her conclusions.

**Evaluation at Step Four**

Plaintiff argues that the ALJ erred in concluding that Plaintiff could perform her past relevant work as a mortgage loan computation clerk. Plaintiff's Brief at 19-20. This argument is a restatement of Plaintiff's earlier argument that the ALJ should have relied on Dr. Lange's opinion that Plaintiff is limited to sedentary work, not light exertional work. *Id*. at 20. We have previously discussed the ALJ's analysis of Dr. Lange's opinion. Therefore, Plaintiff's third argument has no bearing on this Court's decision to remand for further proceedings.

## CONCLUSION

For these reasons, the ALJ's reasons for rejecting Dr. Lange's opinion were legally

FINDINGS AND RECOMMENDATION—12

insufficient. Accordingly, the decision of the Commissioner should be REVERSED and REMANDED for further proceedings in accordance with this decision.

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due December 14, 2006. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

A party may respond to another party's objections within 10 days after service of a copy of the objections. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.

DATED this 29th day of November, 2006.

        /s/Donald C. Ashmanskas
        DONALD C. ASHMANSKAS
        United States Magistrate Judge

FINDINGS AND RECOMMENDATION—13